FILED
September 25, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDREW JONATHAN SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A.<br>(JPMCB CARD),<br><br>Defendant. | §<br>§<br>§<br>§<br>§ NO. SA-24-CV-1093-OLG<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Richard B. Farrer's Report and Recommendation (R&R), filed August 29, 2025, concerning Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 21). (*See* R&R, Dkt. No. 36).

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen (14) days after being served with a copy of the findings and recommendations. FED. R. CIV. P. 72(b)(2). A copy of the R&R was mailed to Plaintiff via certified mail on August 29, 2025. (*See* Dkt. No. 37). Based on the record, Plaintiff received a copy of the R&R. (*See* Dkt. No. 38). To date, no objections have been filed, and the time to do so has passed.

Because no party has objected to the Magistrate Judge's findings or recommendations, the Court reviews the R&R for clear error. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); *cf.* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made."). After such review, the Court finds that the R&R is neither clearly erroneous nor contrary to law.

The Court therefore **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 36) as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and **GRANTS** Defendant's Motion to Dismiss (Dkt. No. 21). Accordingly, Plaintiff's claims alleged in his First Amended Complaint (Dkt. No. 19) are **DISMISSED WITH PREJUDICE**.[1]

This case is **CLOSED**.

It is so **ORDERED**.

SIGNED this ___15___ day of September, 2025.

ORLANDO L. GARCIA
United States District Judge

---

[1] Considering the importance of deciding cases on the merits, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The Court provided Plaintiff an opportunity to amend his pleading (*see* Dkt. No. 15 at 2), but Plaintiff failed to cure the deficiencies concerning his Fair Credit Reporting Act (FCRA) claims. Because Plaintiff has demonstrated that he has no further allegations to assert concerning his FCRA claims, the Court finds that dismissing these claims with prejudice is warranted. *See Gardner v. Credit Corp Sols., Inc.*, No. 4:24-CV-00296-O-BP, 2024 WL 4820229, at *3 (N.D. Tex. Oct. 30, 2024) ("[C]ourts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged [his] best case." (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999))), *report and recommendation adopted*, No. 4:24-CV-00296-O-BP, 2024 WL 4821474 (N.D. Tex. Nov. 18, 2024).